UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abraham Sabel, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  -v.-<br><br>Faloni Law Group, LLC,<br><br>First Portfolio Ventures I, LLC,<br><br>         Defendant(s). | Case. No.: 7:21-cv-6964<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Abraham Sabel (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Faloni Law Group, LLC (hereinafter "Defendant Faloni") and Defendant First Portfolio Ventures I, LLC (hereinafter "Defendant First Portfolio"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant Faloni is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a business address of 425 Eagle Rock Ave Suite 404, Roseland, NJ 07068.

9. Defendant Faloni is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant First Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a business address of 3091 Governors Lake Ste. 500, Peachtree Corners, GA 30071 an address for service of C T Corporation System, 28 Liberty St 42nd Floor, New York, NY 10005.

11. Defendant First Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant Faloni sent an initial collection letter;
    c. attempting to collect a consumer debt on behalf of Defendant First Portfolio;
    d. without including an itemized breakdown of the amount of debt owed;
    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and 1692g.

      c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

      d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Prior to July 6, 2021, a debt obligation was allegedly incurred to the original creditor, Barclays Bank, Delaware (hereinafter "Barclays").

23.     Upon information and belief, Barclays sold or transferred the defaulted debt to Defendant First Portfolio for the purpose of debt collection. Therefore, Defendant First Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

24.     Upon information and belief, Defendant First Portfolio contracted Defendant Faloni, a law firm, to collect the defaulted debt.

25.     By its own admission, Defendant Faloni states on its website that it is involved in the business of "commercial and retail collections."

26.     More specifically, Defendant Faloni describes itself as a law firm that "aggressively litigates a wide array of debt collection matters."

27.     Therefore, Defendant Faloni is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

28.     The original subject debt was incurred by Plaintiff solely for personal, household or family purposes.

29.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

30.     The subject obligation is consumer-related and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

31. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

32. Defendant First Portfolio has policies and procedures in place that govern Defendant Faloni's debt collection practices, specifically with regard to collecting the subject debt, and generally with regard to collecting similarly situated debts, thereby evidencing First Portfolio's control over Defendant Faloni's collection practices.

33. By virtue of the relationship between the two Defendants, Defendant First Portfolio exercised control over Defendant Faloni while the latter was engaged in collecting debts on behalf of the former.

34. Therefore, Defendant First Portfolio should be held vicariously liable for any and all violations committed by Defendant Faloni.

*Violation – July 6, 2021 Collection Letter*

35. On or about July 6, 2021, Defendant Faloni sent the Plaintiff an initial collection letter regarding the alleged debt originally owed to Barclays. (See "Letter" at Exhibit A attached hereto.)

36. The Letter lists the following items:

> Current Creditor: First Portfolio Ventures I, LLC
> Original Creditor: Barclays Bank Delaware
> Account Balance: $13,755.40
> Account Number: ***********3991
> Charge-off Date: 11/28/2018
> Consumer's Name: Abraham H. Sabel

37. In the body of the text, the Letter states: "The above account balance was the amount due at charge off and no interest or fees are being sought by the current creditor."

38. However, Defendant did not specify how much of the account balance was due to principal, how much was due to interest, and how much was due to fees.

39. Plaintiff did not recognize this debt as he did not remember owing $13,755.40 to Barclays Bank.

40. Without providing a full itemized list with a breakdown of the principal, fees and interest, Defendant mischaracterized the amount of the debt, in violation of the FDCPA.

41. Effective February 2, 2015, the New York State Department of Financial Services (NYSDFS) adopted a rule regulating debt collection practices in the state of New York.

42. The rules require debt collectors to provide several initial disclosures, including consumers' rights under the FDCPA, protected property, an itemization of charged-off debts, and a statute of limitations disclosure.

43. One disclosure requirement is that within 5 days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector must provide the consumer clear and conspicuous written notification of the following, unless the following information is contained in the initial communication or the consumer has paid the debt:

(1) The name of the original creditor; and

(2) An itemized accounting of the debt, including:

    a) the total amount of the debt due as of charge-off;

    b) the total amount of interest accrued since charge-off;

    c) the total amount of non-interest charges or fees accrued since charge-off;

    d) the total amount of payments made on the debt since the charge-off.

44. The function of an itemization of the debt is to help consumers recognize an alleged debt, determine whether they owe a debt, and understand how the debt has evolved over time due to interest, fees, payments, and credits.

45. The NYSDFS was quite clear that part of the itemization must include: (1) the total amount of the debt due as of charge-off, (2) the total amount of interest accrued since charge-off, (3) the total amount of non-interest charges or fees accrued since charge-off, and (4) the total amount of payments made on the debt since the charge-off.

46. However, Defendant failed to provide those itemizations.

47. The values need to be included as an itemized list, even if the amounts are zero; a debt collector may not leave a required field blank.

48. Defendant described some of the required itemization fields in a sub-text, which does not meet the standard.

49. Disclosures must be clear and conspicuous in order to be readily understandable by consumers.

50. Defendant omitted several items from the itemization list, which was deceptive.

51. In result, Plaintiff incurred an informational injury as Defendant misstated and mischaracterized the total amount of the debt.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

54. Now, consumers have a right to receive proper notice of the amount, legal status and character of debt due.

55. When a debt collector fails to effectively inform the consumer of the amount of the debt, in violation of statutory law, the debt collector has harmed the consumer.

56. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

57. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not determine if he owed this debt.

59. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

60. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

63. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. Defendants violated §1692e:

   a. As the letter falsely represents the true character and legal status of the debt in violation of §1692e (2); and

   b. By making a false and misleading representation in violation of §1692e (10).

65. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692g et seq.**

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 U.S.C. §1692g:

(a) Notice of debt; contents

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   (1) <u>the amount of the debt;</u>

   (2) the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69.     Defendants violated §1692g:

a. As Defendants did not state the correct breakdown of the amount of the debt, in violation of § 1692g(a)(1);

70.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

71.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Abraham Sabel, individually and on behalf of all others similarly situated, demands judgment from Defendant Faloni Law Group, LLC and Defendant First Portfolio Ventures I, LLC as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   August 18, 2021                                         Respectfully Submitted,

**Stein Saks, PLLC**

/s/ **Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ, 07601
P. (201) 282-6500 ext. 122
F. (201) 282-6501
tsaland@SteinSaksLegal.com
*Attorneys for Plaintiff*