

> Defendant is directed to serve and file a response to Plaintiff's letter by 5:00 p.m. on February 18, 2022.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        February 17, 2022

Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
TSaland@SteinSaksLegal.com

February 15, 2022

<u>Via ECF</u>

Hon. Philip M. Halpern, U.S.D.J.
United States District Court - Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      **RE:** *Sabel v. Faloni Law Group, LLC et al.*
      **Case:** 7:21-cv-06964-PMH

Dear Judge Halpern,

    The undersigned represents Plaintiff in the above action. We submit this letter due to an impasse the parties have reached regarding Defendant Faloni Law Group, LLC's ("Defendant Faloni") outstanding discovery responses. At the initial conference on January 12, 2022, Your Honor stated that "Defendants have waived their right to object to Plaintiff's outstanding discovery demands and shall respond to those demands on or before January 26, 2022. Plaintiff is, however, directed to meet and confer with Defendants regarding any demands that Defendants believe to be overbroad." Plaintiff has repeatedly been seeking full discovery responses from Defendant Faloni Law Group, LLC since October 21, 2021, when Plaintiff served its combined discovery demands.

    Subsequent to the initial conference, Plaintiff's counsel and David Faloni, Jr. had a meet and confer on February 1, 2022 after reaching out to Defense counsel on multiple occasions to schedule the same. Mr. Faloni advised the undersigned that he would provide full responses by February 8, 2022. Significantly, Defendant Faloni continues to withhold the 333 Class Letters that were sent to New York consumers between August 18, 2020 and September 8, 2021. I advised Defense counsel on February 8, 2022 and then again on February 14, 2022 that Class Letters were missing from their discovery responses. Mr. Faloni responded this morning that he disagrees that Plaintiff is entitled to the Class Letters, despite being ordered by the Court to provide all outstanding discovery.

    "All litigants have an obligation to comply with courts orders, including discovery orders. In accordance with Fed. R. Civ. P. 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. Disciplinary sanctions under Rule 37 ensure that a party will

not benefit from his or her failure to comply." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Focus One Constr. Corp., No. 1:08-CV-33 (GLS/RFT),* 2009 U.S. Dist. LEXIS 40543, at *1 (N.D.N.Y. May 13, 2009).

  Plaintiff's counsel seeks Court relief for the outstanding Class Letters that Defendant Faloni was ordered to produce on January 12, 2022. Plaintiff also seeks fees for the cost of filing this Letter Motion due to Defendant Faloni's failure to provide discovery. We thank this Court for its kind courtesies and considerations.

                 Sincerely,

                 /s/ *Tamir Saland*
                 Tamir Saland, Esq.